IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LINDELL SWINSON | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| COMMONWEALTH OF PENNSYLVANIA, | : | |
| et al. | : | NO. 07-3934 |

### ORDER-MEMORANDUM

**AND NOW**, this 11th day of March, 2009, upon consideration of Petitioner's "Motion for Relief Pursuant to Rule 60 Federal Rules of Civil Procedure" (Docket No. 34), and Respondents' "Response to Motion for Relief," **IT IS HEREBY ORDERED** that Petitioner's Motion is **DENIED**.

On September 20, 2007, Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, challenging two first-degree murder convictions in the Philadelphia Court of Common Pleas—one resulting from a jury trial and one resulting from a guilty plea. On September 30, 2008, Magistrate Judge L. Felipe Restrepo issued a Report and Recommendation ("R & R"), which recommended that the Petition be denied and dismissed because Petitioner had failed to rebut by clear and convincing evidence the Pennsylvania courts' determination that he had knowingly and voluntarily waived his appellate and collateral review rights as part of his negotiated plea agreement. (R & R at 14, 17.) Magistrate Judge Restrepo also found that some of Petitioner's claims were procedurally defaulted. (Id. at 18-19.) The Report and Recommendation advised Petitioner that he could file objections pursuant to Local Rule of Civil Procedure 72.1, i.e., no more than 10 days after the Report and Recommendation issued. (Id. at 21 n.16.)

On October 31, 2008, having received no objections from Petitioner, we adopted and approved Magistrate Judge Restrepo's Report and Recommendation and closed this case statistically. On January 8, 2009—***65 days*** after our October 31, 2008 Order—we received Petitioner's "Motion for Relief," in

which he both concedes that he did not timely file his Objections, but alleges that he mistakenly sent the Objections on October 10, 2008, to the "Office of Attorney General for Pennsylvania in care of Claudia M. Tesoro, Esquire at 21 South 12th Street, Philadelphia."[1] (Mot. ¶ 6.) Petitioner further avers in his Motion that he "suffers from a mental disorder from birth to date." (Id. at 2.) However, Petitioner did not append to his Motion a copy of the Objections he allegedly sent to the Attorney General's office.

The Federal Rules of Civil Procedure permit a district court to "relieve a party . . . from a final judgment, order, or proceeding" if, inter alia, the movant establishes "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). Nevertheless, because of the "overriding interest in the finality and repose of judgments," Mayberry v. Maroney, 558 F.2d 1159, 1164 (3d Cir. 1977), the granting of a Rule 60(b) motion is considered "extraordinary relief which should be granted only where extraordinary justifying circumstances are present." Plisco v. Union R. Co., 379 F.2d 15, 16 (3d Cir. 1967). Moreover, a motion filed pursuant to Rule 60(b) "must be made within a ***reasonable time*** . . . . after the entry of judgment or order . . . ."[2] Fed. R. Civ. P. 60(c)(1) (emphasis added).

Although Rule 60 may be implicated where a party fails to properly file pleadings or other documents because he or she sent such documents to the wrong address, see, e.g., Budget Blinds, Inc.

---

[1] Petitioner avers that he did not receive Magistrate Judge Restrepo's Report and Recommendation until October 8, 2008, because he had been transferred from SCI-Albion to SCI-Graterford during the pendency of this action. (Mot. ¶¶ 1, 3, 5.) However, this brief delay in Petitioner's receipt of the R & R neither explains nor excuses his failure to file anything in response to the R & R until January 8, 2009.

[2] Although a Rule 60(b)(1) motion may be filed up to one year after the entry of judgment, "the one-year period [provided by Rule 60(c)] represents an ***extreme*** limit, and the motion will be rejected as untimely if not made within a reasonable time, even though the one-year period has not expired." 11 Wright & Miller, Federal Practice and Procedure, Civil (2d) § 2866 (internal quotations omitted, emphasis added).

v. White, 536 F.3d 244, 256 (3d Cir. 2008), Petitioner has failed to offer proof that he did, in fact, mail his Objections to the wrong address.  He likewise has offered no justification for filing the instant Motion more than two months after we approved and adopted the Report and Recommendation.[3]  As such, we find both that Petitioner has failed to establish the "extraordinary justifying circumstances" necessary to warrant Rule 60 relief and that he did not file the instant Motion within a reasonable time.  Consequently, we deny his Motion.

BY THE COURT:

/s John R. Padova
John R. Padova, J.

---

[3] Petitioner generally avers that he suffers from a mental disorder, but we find that he fails to articulate how such mental disorder prevented him from promptly filing the instant Motion. We further observe that Petitioner has repeatedly shown his ability to reply promptly to other court matters, as evidenced by: (1) his October 31, 2007 letter to the Court in response to our October 25, 2007 Order referring the case to Magistrate Judge Restrepo; (2) his November 6, 2007 Motion to Quash filed in response to Magistrate Judge Restrepo's November 1, 2007 Report and Recommendation; (3) his February 6, 2008 letter asking the Clerk of Court to explain why he had not received a response to another case he had initiated two-and-a-half weeks earlier; and (4) his April 17, 2008 letter objecting to the Respondents' fourth request for an extension of time, filed on April 2, 2008.